UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH WALKER, individually, and as a parent and guardian for D.W., and CLEMENCIA WALKER,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, a municipal corporation, acting through the KING COUNTY SHERIFF'S OFFICE, and MARYLISA PRIEBE-OLSON, and PAUL AIO, and the STATE OF WASHINGTON, by and through its agency, CHILD PROTECTIVE SERVICES, and EDGAR DUBOSE,<br><br>Defendants. | No. C08-0549-JCC<br><br>ORDER DENYING KING COUNTY DEFENDANTS' MOTION TO EXCLUDE EVIDENCE |

This matter comes before the Court on King County Defendants' Motion to Exclude Evidence (Dkt. No. 15), Plaintiffs' Response in Opposition (Dkt. No. 20), and King County Defendants' Reply (Dkt. No. 23). The Court has considered the pleadings filed with respect to this motion and hereby finds and rules as follows.

## I. BACKGROUND

This case arises from a parental custody battle between Plaintiff Keith Walker and Kamla Patton over their child, Plaintiff D.W. (*See* Compl. ¶¶ 5.1–.55 (Dkt. No. 1 at 10–25).) The complaint alleges that Washington State's Child Protective Services ("CPS") and other

ORDER – 1

Defendants were negligent in investigating Mr. Walker's reports that Patton was abusing the child. (*See id.* ¶¶ 5.5–.12, 6.1–.4.) The complaint also claims that King County Defendants violated Plaintiffs' constitutional rights when they investigated an allegedly false accusation that Mr. Walker had abused the child and the investigation resulted in the warrantless search of his home and his being charged as an felon in possession of a firearm. (*See id.* ¶¶ 5.38.–.52, 6.7.) Plaintiffs originally filed the complaint in state court, but Defendants removed. (Notice of Removal (Dkt. No. 1 at 1–3.)

King County Defendants have alleged various lapses in discovery on the part of Plaintiffs and their attorneys:

**(1) Initial Disclosures:** Initial Disclosures were due July 22, 2008. Plaintiffs did not provide copies of the disclosures until September 2, 2008, after State Defendants had reminded Plaintiffs of their obligation. (Initial Disclosures (Dkt No. 14); Brady Decl. ¶ 4(Dkt. No. 16 at 2.) King County Defendants claim that the initial disclosures are defective in two respects. First, they do not provide copies of the documents on which they intend to rely at trial, but instead describe the documents in broad terms. (*See* Initial Disclosures 6 (Dkt. No. 14) (listing as categories of exhibits "1. All police reports generated regarding the Plaintiffs and the Defendants. 2. All DSHS records generated regarding the Plaintiffs and Defendants. 3. Any and all dependency filings regarding the Plaintiffs. 4. Any and all counseling records, notes and reports regarding Plaintiff [D.W.].").) Second, the initial disclosures report an "[u]nknown" amount of special damages and "$5,000,000.00" in general damages, without providing any computation of this stated amount.

**(2) Interrogatories and Requests for Production:** On August 20, 2008, King County Defendants served interrogatories and requests for production for each Plaintiff, and the responses were due September 19, 2008. (Bundy Decl. ¶ 5 (Dkt. No. 16 at 2).) On October 1, 2008, King County Defendants' attorney e-mailed Plaintiffs' attorney inquiring when the responses would be delivered. (Dkt. No. 16-4 at 2.) On October 31, Plaintiffs' attorney indicated that he would deliver the answers by November 5 (Dkt. No. 16-4 at 4); the responses were sent on November 5 via e-mail (Dkt. No. 21 at 10), but for some reason the e-mails were not received (Dkt. No. 24 at 2–3). These responses were physically delivered on November 17, 2008, but King

ORDER – 2

County Defendants argue that they were not fully responsive and lacked sufficient supporting documentation. (Mot. 6 (Dkt. No. 15).) The responses from Keith Walker and D.W. also did not include signatures, and Clemencia Walker's responses were signed with a date of September 18, 2008, raising doubts as to whether she had actually reviewed the responses. (*Id.*) The signature pages for Keith Walker and D.W. were ultimately delivered on November 26, 2008, hours after this motion to exclude was filed with the Court. (Bundy Decl. ¶ 4 (Dkt. No. 24 at 2).)

## II. DISCUSSION

King County Defendants argue that they have been prejudiced by these discovery violations and that, as a result, "[p]laintiffs should not be allowed to present evidence at trial." (Mot. 7–8 (Dkt. No. 15).) In the alternative, King County Defendants request the Court to "exercise its discretion to fashion a remedy that makes King County Defendants whole and provides sufficient encouragement for the plaintiffs to begin to take these matters more seriously." (*Id.*)

The Court is troubled by Plaintiffs' conduct, in particular the repeated untimely disclosures and the potentially pre-dated signature on Clemencia Walker's responses. However, at this time, the Court finds that King County Defendants' proposed remedy—a complete prohibition on Plaintiffs' presentation of evidence at trial—would be premature and excessive. Moreover, although Defendants have presented a general claim of prejudice (*see* Mot. 7 (Dkt. No. 15)), their claims are too vague and their challenges too undefined for the Court "to fashion a remedy that makes King County Defendants whole." (*Id.* at 8.) Indeed, many of Defendants' objections regarding the sufficiency of Plaintiffs' initial disclosures and responses do not even appear to have been raised with the opposing party before filing this motion. (Resp. 4 (Dkt. No. 20).)

Plaintiffs concede that, under Federal Rule of Evidence 37(c)(1), they will be prohibited from using any evidence at trial that was not disclosed pursuant to Rule 26(a) or (e) unless the failure to disclose was harmless; however, they claim that "[a]ny request for enforcement of FRCP 37(c)(1) is at best premature because plaintiffs are not currently seeking to introduce evidence, and King County does not (and cannot) at this point specify what evidence should be excluded." (Resp. 6 (Dkt. No. 20).) The Court agrees. As the trial date approaches, King County

ORDER – 3

Defendants may be able to demonstrate that specific evidence should be excluded because of Plaintiffs' untimely or inadequate disclosures, but, in the meantime, the Court finds that it has insufficient information to fashion an appropriate sanction or exclusionary remedy.

In a recent joint motion, the parties indicate that they are "working cooperatively to complete discovery." ((Joint Mot. To Extend Disc. Cutoff 2 (Dkt. No. 29).) The Court assumes, therefore, that the parties have resolved their differences and Plaintiffs have begun to take their discovery obligations more seriously. Plaintiffs should be warned, however, that the Court does not tolerate discovery abuses, and future violations will be met with harsh sanctions, potentially up to and including dismissal of the action for failure to comply with the Federal Rules. *See* FED. R. CIV. P. 41(b).

## III. CONCLUSION

King County Defendants' Motion to Exclude Evidence is DENIED. (Dkt. No. 15.) Each party shall bear its own costs in preparing and opposing the motion.

DATED this 10th day of March, 2009.

_____
John C. Coughenour
United States District Judge